cdw

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-61401

UNITED STATES OF AMERICA,

Plaintiff,   CIV-MORENO

v.

MAGISTRATE JUDGE

$81,580.00 IN UNITED STATES CURRENCY
(DEA ASSET IDENTIFICATION NO. 03-DEA-41292) AND
ONE (1) CASHIER'S CHECK IN THE AMOUNT OF $9,700.00
(DEA ASSET IDENTIFICATION NO. 03-DEA-413826),

Defendants.
_____/

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

The plaintiff, the United States of America, hereby files this Verified Complaint for Forfeiture *In Rem* and states the following:

1. This is a civil action for forfeiture *in rem* against the following assets:

    A.  $81,580.00 in United States Currency

        (DEA Asset Identification No. 03-DEA-41292); and

    B.  One (1) Cashier's Check in the amount of $9,700.00

        (DEA Asset Identification No. 03-DEA-413826) (hereinafter referred to as

        the "defendant currency").



2. Jurisdiction is vested in this Court, pursuant to Title 28, United States Code, Sections 1331, 1333, 1345, and 1355.

3. Venue lies in this district, pursuant to Title 28, United States Code, Section 1395 because the defendant currency is located within the Southern District of Florida and shall remain so during the pendency of this action.

4. The United States of America seeks forfeiture of the defendant currency, pursuant to Title 21, United States Code, Section 881(a)(6) on the grounds that the currency was furnished or intended to be furnished in exchange for a controlled substance; and/or is proceeds traceable to such an exchange; and/or was used or intended to be used to facilitate the exchange of a controlled substance or any other violation of Title 21, United States Code, Sections 801 *et. seq.*

## FACTUAL BACKGROUND

5. On October 25, 2002, Special Agent Ron Martin of the United States Drug Enforcement Administration (DEA) received information from a law enforcement official in Little Rock, Arkansas that an individual named Michael Demetrius (DEMETRIUS) would be arriving in Miami, Florida aboard American Airlines Flight 1047 from New York.

6. According to the law enforcement official, DEMETRIUS had purchased a round trip ticket approximately thirty minutes prior his flight departing New York and had paid $1,025.00 in cash. DEMETRIUS' round trip ticket provided for his return to New York two days later on October 27, 2003.

7. Consistent with the information provided by the law enforcement official in Little Rock, Arkansas, DEMETRIUS in fact arrived in Miami aboard American Airlines Flight 1047, and as he exited the plane he was approached by Special Agents Nogueira and Martin of the DEA.

8. Special Agent Nogueira asked DEMETRIUS, who had a small child traveling with him, for identification and DEMETRIUS produced a driver's license in the name of Michael Jovone DEMETRIUS.

9. Special Agent Martin asked DEMETRIUS for information regarding DEMETRIUS' purpose was for traveling from New York to Florida and DEMETRIUS advised that he was attending a jewelry convention on behalf of an entertainment promotion company named "Startime Entertainment."

10. Special Agent Martin then asked DEMETRIUS how much money he had in his possession and DEMETRIUS advised Martin that he had approximately $2,000.00 dollars in United States currency and he pulled a wad of currency out of his pants pocket.

11. Special Agent Martin asked DEMETRIUS whether he had any additional currency in his luggage and DEMETRIUS told them that he did not.

12. DEMETRIUS was then asked for his consent to conduct a search of his luggage and DEMETRIUS complied.

13. While conducting the consensual search of DEMETRIUS' carry-on luggage, Special Agent Nogueira asked DEMETRIUS to open a backpack on his back.

14. DEMETRIUS complied and a small brown cloth bag was revealed which contained a large amount of United States currency bundled in similar sized increments and banded together with rubber bands.

15. The law enforcement officials noted that the packaging of the currency was consistent with one of the manners in which drug proceeds are packaged for laundering.

16. Prior to the law enforcement officials opening DEMETRIUS' backpack, he was asked whether there was any currency in the backpack and DEMETRIUS denied that there was any currency in the backpack.

17. DEMETRIUS was then taken to a DEA airport satellite office and questioned about the currency to determine whether the currency in his possession was drug proceeds.

18. DEMETRIUS again told the law enforcement agents that he came to Miami to attend a jewelry convention on behalf of Startime Entertainment. DEMETRIUS further advised that the minor child in his company was his son and that his son's mother had paid for his ticket. Moreover, DEMETRIUS said that he has no bank account; that he pays his rent by money order; and that he pays for everything else in cash.

19. When asked for documentation regarding his employment and/or attendance at the jewelry convention DEMETRIUS was unable to provide the requested documentation.

20. DEMETRIUS then changed his story regarding his employment and advised that he did not work for Startime Entertainment, but rather was the owner of the company.

21. Further, DEMETRIUS changed his story regarding his purpose for being in Miami and said that he was not in Miami to attend a jewelry convention, but rather came to South Florida to purchase a house in Fort Lauderdale, Florida.

22. DEMETRIUS then said that the currency found in his possession was approximately $15,000.00 and that the currency was to serve as the required down payment for the residence that he was attempting to purchase in Fort Lauderdale.

23. DEMETRIUS, however, was unable to produce any documentation to support this claim.

24. DEMETRIUS was then asked by the law enforcement officials whether he had any additional currency in his possession, and DEMETRIUS again denied having any additional currency in his possession. DEMETRIUS then became notably agitated and nervous.

25. When the law enforcement officials advised DEMETRIUS that his carry-on luggage was now going to be thoroughly searched, DEMETRIUS told them that he had nothing further to say.

26. A search of a black leather carry-on bag in DEMETRIUS' possession revealed a cashier's check in the amount of Nine Thousand Seven Hundred dollars ($9,700.00) made payable to "Suntitle.

27. The cashier's check was dated October 24, 2003, and the name in the remitter section of the cashier's check was "Michael Robinson."

28. When DEMETRIUS was asked who Michael Robinson (ROBINSON) was, DEMETRIUS claimed that ROBINSON was a good friend and that ROBINSON had

given him the cashier's check.

29. Law enforcement officials also observed a prescription in the name of "Tony Brown" with what appeared to be two pills inside of the prescription container.

30. According to DEMETRIUS, the pills were Viagra that he had purchased from an unknown male in New York.

31. Special Agent Nogueira continued searching DEMETRIUS' luggage and numerous cellular telephones and expensive, brand new clothing and shoes were found therein.

32. Special Agent Nogueira additionally observed a large bundle of United States currency in the pockets of jeans rolled up in the bottom of the bag.

33. Special Agent Nogueira then searched a beige Louis Vuitton carry-on bag found in DEMETRIUS' possession and discovered an additional pair of rolled up pants with a large bundle of United States currency in each front pocket.

34. A narcotics canine was thereafter obtained to conduct a "sniff" test of the currency found in DEMETRIUS' possession.

35. The narcotics canine positively alerted to the odor of narcotics emanating from the currency found in DEMETRIUS' possession.

36. Although DEMETRIUS produced a California driver's license in the name of Jovan Demetrius when first asked for identification, he subsequently admitted to being Michael Robinson (ROBINSON) when the law enforcement officials continued their search of his luggage and located a Massachusetts driver's license in the name of Michael Robinson.

37. Law enforcement officials additionally found receipts in ROBINSON'S personal property for Florida driver's licenses in the names of Stephen Sottile and Taffari Kuba Yusef.

38. The total amount of United States currency found in ROBINSON'S possession was $81,580.00 in United States Currency. This amount does not include the cashier's check in the amount of $9,700.00 which was also found in ROBINSON'S possession.

## FORFEITURE ALLEGATION

By reason of the foregoing, the defendant currency has become and is forfeited to the United States of America, pursuant to Title 21, United States Code, Section 881(a)(6) on the grounds that the currency was furnished or intended to be furnished in exchange for a controlled substance; and/or is proceeds traceable to such an exchange; and/or was used or intended to be used to facilitate the exchange of a controlled substance or any other violation of Title 21, United States Code, Sections 801 *et. seq.*

**WHEREFORE,** the plaintiff, the United States of America, requests that a warrant of arrest *in rem* be issued for the defendant currency; that the Court direct all persons having any claim to or interest in the defendant currency to file and to serve their Verified Claims and Answers as required by Title 18, United States Code, Section 983(a)(4) and the Supplemental Rules for Certain Admiralty and Maritime Claims or suffer default of such claim or interest; that the court declare the defendant currency, and all accrued interest thereon, condemned and forfeited to the United States of America

for disposition according to law; and that the United States be granted such other and further relief as this Court deems just and proper, together with costs and disbursements of this action.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
CAROL E. A. DEGRAFFENREIDT-WILLIS
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0642101
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7314, Ext. 3616
Fax: (954) 356-7180
E-mail: Carol.Degraffenreidt-Willis@usdoj.gov

## VERIFICATION

I, Ronald L. Martin, Special Agent for the United States Drug Enforcement Administration hereby declare under penalty of perjury as provided by Title 18, United States Code, Section 1746, that the foregoing Complaint for Forfeiture *In Rem* is based upon information known to me and that the facts alleged herein are true and correct to the best of my knowledge and belief.

EXECUTED on this 23rd day of July, 2003.

_____
RONALD L. MARTIN
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

03-61401

## DEFENDANTS
$81,580.00 IN UNITED STATES CURRENCY (DEA ASSET IDENTIFICATION NO. 03-DEA-41292) AND ONE (1) CASHIER'S CHECK IN THE AMOUNT OF $9,700.00 (DEA ASSET IDENTIFICATION NO. 03-DEA-413826)

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CIV-MORENO

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Carol E.A. DeGraffenreidt-Willis
500 Broward Boulevard, 7th Floor
Ft. Lauderdale, Florida 33394
(954) 660-5655

MAGISTRATE JUDGE
GARBER

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   **BROWARD**,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE,   HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in Item III)

0:03 CV 61401 moreno-Garber

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | B 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | B 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 365 Personal Injury - Product Liability | B 630 Liquor Laws | B 450 Commerce/ICC Rates/etc | |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | B 640 R.R & Truck | A PROPERTY RIGHTS | 460 Deportation |
| 151 Medicare Act | 340 Marine | B 650 Airline Regs. | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| B 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY | B 660 Occupational Safety/Health | 830 Patent | 810 Selective Service |
| B 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | B 690 Other | 840 Trademark | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS / PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting / B 510 Motions to Vacate Sentence | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| B 220 Foreclosure | 442 Employment / HABEAS CORPUS: | 790 Other Labor Litigation | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / B 530 General | | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare / A 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | A 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights / B 540 Mandamus & Other | | A 871 IRS - Third Party 26 USC 7609 | 890 Other Statutory Actions A OR B |
| 290 All Other Real Property | / B 550 Civil Rights | | | |
| | / B 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Title 21, United States Code, Section 881 (a)(6) - Proceeds

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   YES   NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                                DOCKET NUMBER

DATE
7-23-3

SIGNATURE OF ATTORNEY OF RECORD
Carol E.A. DeGraffenreidt-Willis

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT Gov't.        APPLYING IFP        JUDGE        MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc.